THE MAYOR, Etc., OF THE CITY OF NEW YORK, Appel-
lant, *v.* THE BROADWAY AND SEVENTH AVENUE
RAILROAD COMPANY, Respondent.

*Preferred causes — action in which city of New York is a party — Code of Civil
Procedure, §§ 789 to 792.*

Section 791 of the Code of Civil Procedure, as it was passed by the legislature of
1876, gave a preference in subdivision 4 to " an action or special proceeding in
which the mayor and common council of the city of New York are parties."
This subdivision was stricken out by the legislature of 1877, and all acts
giving a preference to that class of cases, except a clause contained in sec-
tion 112 of the city charter (chapter 335 of 1873), were expressly repealed.   The
section in which this clause was contained relates to the board of estimate
and apportionment, and the clause in question had no connection with any
thing contained therein.   *Held,* that it was the manifest intention of the legis-
lature to deprive actions of this character of the preference conferred by pre-
vious statutes, and that the mere omission to discover and repeal the clause in
the charter should not be allowed to prevail against it.

*Semble,* that the provision in question was unconstitutional, because it was
included in a local act and was not embraced in its title.


Motion to correct the calendar by striking the above-entitled
cause from the preferred calendar, and placing the same in its proper
order on the general calendar.

*John M. Scribner, Jr.,* for the motion.

*William C. Whitney,* counsel for the corporation, opposed.

Davis, C. J.:

This motion depends upon the question whether actions and pro-
ceedings by and against the city of New York are entitled to prefer-
ence on the calendars of the courts under the statutes now in force.
The Code of Civil Procedure contains an article specially devoted
to preferred and deferred causes.   (Code, §§ 789 to 795 inclusive.)
It was obviously the intention of the commissioners to revise the
statutes, to group, arrange and classify in this article all the actions
and special proceedings, whether civil or criminal, entitled to prefer-

ence on the calendars of the courts, by statutes or by the rules or practice of the courts. The statutes giving such preferences were quite numerous, and were scattered through the Session Laws of many years, and were difficult to find, and when found were embarrassing to the courts and profession, because of their general lack of order, each in many instances, giving preferences which came into collision with similar preferences given by others. Hence, by section 791 of the Code, the commissioners sought not only to declare the preferences, but to arrange their order with respect to each other, and to collate and condense them so that a single section should bring them all at once before the eyes of the court and the profession.

As the section was reported by the commissioners and enacted by the legislature of 1876, it contained as subdivision 4, a provision in these words : "An action or special proceeding in which the mayor and common council of the city of New York are parties."

This subdivision was a condensation of the several enactments on the same subject contained in all the statutes, and in the former Code, and manifestly was intended to supersede them all.

But when the Code of Civil Procedure was amended in 1877, the legislature struck out subdivision 4 of section 791, and in so doing struck from the article relating to preferred causes, the only provision which gave preference to city causes. (Laws of 1877 chap. 416, p. 458, amendment, 177.)

The question is whether by doing this the legislature intended to abrogate all preferences in that kind of cases. A full consideration of their action seems to us clearly to indicate that intention. The tax levy of 1871, contained a provision in these words : "And all actions or proceedings in which the mayor, aldermen and commonalty of the city of New York are plaintiffs or defendants shall have preference, and may be moved out of their order on the calendar." (Laws 1871, chap. 583, § 5.) This provision was expressly repealed in 1877. (Session Laws, 1877, p. 474, § 1, sub. 45.)

So, by chapter 431 of the Laws of 1876, chapter 379 of the Laws of 1848, was so amended as to give preference to actions in which the city is a party in the Court of Appeals. But that enactment was also repealed by the legislature of 1877. (Session Laws of 1877, p. 471, § 1, sub. 22.)

By chapter 70 of the Laws of 1873, provision was made for preference in proceedings by writs of *mandamus* and prohibition, but that provision was also repealed. (Laws of 1877, p. 475, § 1, sub. 47.) From the express repeal of all these preceding enactments, and from the striking out of the preference as it stood in section 791 as previously enacted, there was apparently an earnest effort to erase from the statutes all preference in city cases, and to preserve the intention of the commissioners, to bring all existing preferences into condensed and classified order.

But it appears that one provision on the subject escaped the vigilance both of the commissioners and of the legislature. Hidden away in section 112 of chapter 335 of the Laws of 1873 (familiarly known as the city charter), is a provision thrown in at the end of the section without any connection or congruity with any thing that precedes it, in these words: " and all actions or proceedings in which the mayor, aldermen and commonalty of the city of New York are plaintiffs or defendants, shall have a preference and may be moved out of their order on the calendar." The section (112) is the one which creates the board of estimate and apportionment, and defines its powers and duties, and the relations of the other departments to such board. It is extremely long and complicated, and at the foot of the second page of the section, and as part of a sentence which vests the powers of any former board of apportionment or audit in the new board, without being separated, even by the dignity of a capital letter, follow the words above quoted, as if the weary mind of the draughtsman in an illucid moment, lost the thread of its subject and fell off into a maze of incoherency. It does not speak of courts, and it may be the writer had some notion of a calendar of matters and things before the board of apportionment; but assuming that it was intended to give a preference to cases in courts, still we think its discovery does not impair the manifest intention of the legislature in the acts above referred to, to do away with all such preferences. The various repeals of all the acts above shown to have been repealed simultaneously with the striking out of the provision in section 791, seems to make the intention entirely clear.

If there were any doubt about this, it would be easy to show that the provision in this charter was and is invalid, because included in

a local act and not embraced in its title. It is foreign to the subject of the act which is the reorganization of the local government of the city. A provision to regulate the calendars of all the courts both State and local, most of which have no relations to the corporation, beyond that of being the forums in which it is prosecuted or defended, is quite apart from the constitutional purposes of the act.

But however this may be, we think the provision must fall, under the manifest intention of the legislature to create a new statute of preferences which should not include city causes.

There is no sound reason why such cases should have preference, and we think it was the part of wisdom for the legislature to give the city a breathing spell from the ceaseless rush of litigation which, through the operation of preferences, has not only crowded our calendars to the serious injury of other equally meritorious suitors, but depleted the treasury faster than exhausted tax-payers can easily replenish it.

The result is that the motion should be granted, and all cases on the calendar of like character, must take their places in the rank of other non-preferred litigations.

Present — DAVIS, P. J., BRADY and INGALLS, JJ.

Motion granted.